W. Willard **WIRTZ**, Secretary of Labor, United States Department of Labor, Plaintiff-Appellee,

v.

**CINCINNATI, NEWPORT AND COVINGTON TRANSPORTATION COMPANY**, Inc., and Richard C. Bennett, Defendants-Appellants.

No. 16953.

United States Court of Appeals Sixth Circuit.

March 29, 1967.

Robert E. Ruberg, Covington, Ky., for appellants, O'Hara & Ruberg, Covington, Ky., on brief.

William H. Horkan, Atty., Dept. of Labor, Washington, D. C., for appellee, Charles Donahue, Solicitor of Labor, Bessie Margolin, Associate Solicitor, Robert E. Nagle, Atty., Dept. of Labor, Washington, D. C., Jeter S. Ray, Regional Atty., Dept. of Labor, Nashville, Tenn., on brief.

Before EDWARDS, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment of the United States District Court for the Eastern District of Kentucky entered in favor of the Secretary of Labor. The Secretary, appellee herein, had filed a complaint to enforce the minimum wage and maximum hour provisions of the Fair Labor Standards Act of 1938, 52 Stat. 1062–63 (1938), as amended; 29 U.S.C. §§ 206, 207 (1964).

The sole question is whether appellant transportation company is engaged in the business of operating taxi cabs within the meaning of an exemption clause in the Fair Labor Standards Act, § 13(a) (12), 29 U.S.C. § 213(a) (12) (1964). The particular part of its operation which appellant claims to be within this exemption is that involved in the operation of four-passenger sedans which it calls "Red Tops," and which it operates from the Cincinnati Airport in the vicinity of Covington, Kentucky.

The case was heard upon testimony and stipulations. The District Judge found as facts the following:

"8. The Red Tops have certain attributes of a regular taxicab in that they are of a four-passenger capacity and do not operate over fixed routes according to a predetermined time schedule. However, all trips must either originate or terminate at the airport, the Red Tops are used for the sole purpose of providing ground transportation to and from the airport and their use by the general public is restricted to those traveling to and from the said airport. The Red Tops are unmetered, do not have vacancy signs and are not advertised as taxi-

cabs. They stand and wait for passengers only at the airport.

"9. The drivers of the cars are not free to organize their own time and use little or no initiative in securing passengers. The number of drivers on duty at any given time is determined by the defendants in advance by use of schedules of arrivals and departures of airplanes secured from the various airlines mentioned in Findings of Fact No. 6.

"10. Defendants stipulated that employee-drivers of the Red Tops were paid wages at rates less than the rates required by section 6 of the Act (29 U.S.C. § 206). * * *"

Based on these findings, the District Judge concluded:

"5. Exemptions under the Act are to be narrowly construed and defendants have the burden of proving that their employees are exempt from the provisions of sections 6 and 7 by reason of section 13(a) (12). Arnold v. Ben Kanowsky, Inc., 361 U.S. 388 [80 S.Ct. 453, 4 L.Ed.2d 393]; Mitchell v. Kentucky Finance Co., 359 U.S. 290 [79 S.Ct. 756, 3 L.Ed.2d 815]; A. H. Phillips, Inc. v. Walling, 324 U.S. 490 [65 S.Ct. 807, 89 L.Ed. 1095]; West Kentucky Coal Co. v. Walling, 153 F.2d 582 (CA6); Goldberg v. Furman Beauty Supply, 300 F.2d 16 (CA3); Mitchell v. Sherry Corine Corp., 264 F.2d 831 (CA4), [cert. denied, 360 U.S. 934 [79 S.Ct. 1453, 3 L.Ed.2d 1546] (1959)]; Airlines Transportation, Inc. v. Tobin, 198 F.2d 249 (CA4).

"6. Defendants have failed to prove that they are engaged in the business of operating taxicabs within the meaning of the section 13(a) (12) exemption. Airlines Transportation, Inc. v. Tobin, 198 F.2d 249 (CA 4)."

The record clearly supports the findings of fact of the District Judge and certainly we cannot hold them to be "clearly erroneous." Rule 52(a) Fed.R. Civ.P.

Further, we believe that the case principally relied upon by appellant actually supports the result reached by the District Judge. While we recognize that the limousines there dealt with followed regular schedules and routes and appellants' "Red Tops" do not, we think this distinction is not a vital one when balanced against the facts recited above.

Among other things which distinguish appellants' business from "the business of operating taxicabs" is that appellants' "Red Tops" clearly function under "a contract with interstate air carriers to facilitate their interstate business." Airlines Transportation, Inc. v. Tobin, 198 F.2d 249, 252 (C.A.4, 1952).

Affirmed.